IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

HAKEEM KORON LAQMAN                                                              PLAINTIFF

V.                                        NO: 4:12CV00484 SWW

J. THOMAS RAY *et al*.                                                           DEFENDANTS

### ORDER

Plaintiff Hakeem Koron Laqman, currently held at the Pulaski County Detention Facility, filed a *pro se*[1] complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on August 3, 2012. Plaintiff did not submit the $350.00 statutory filing fee or file an application for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).[2]

Under the Prison Litigation Reform Act of 1995, a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.00. 28 U.S.C. §1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716

---

[1] Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

[2] Plaintiff's complaint did include a request to proceed without prepayment of filing fees. However, the request contained no financial information regarding Plaintiff's institutional trust account, or any specifics as to his assets or income history. To the extent that the request may be considered a motion, it is denied.

1

(8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4).

**If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350.00 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

So that the Court can determine how the $350.00 filing fee will be paid, Plaintiff is required to submit, no later than 30 days after this order's entry date, either the full statutory filing fee, or an application for leave to proceed *in forma pauperis*, along with a calculation sheet and certificate, prepared and executed by an authorized official at the incarcerating facility. Based on this information, the Court will assess an initial partial filing fee if sufficient funds exist, and will also direct the future collection of monthly installment payments from Plaintiff's prison account until the filing fee is paid in full. *Id*. 1915(b)(1) and (2). However, no prisoner will be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee." *Id*. 1915(b)(4).

IT IS THEREFORE ORDERED THAT:

1.  The Clerk is directed to forward an *in forma pauperis* application, calculation sheet, and certificate, to Plaintiff.

2.  Plaintiff is directed to submit the $350.00 statutory filing fee, or to complete and sign the *in forma pauperis* application, and file it, along with the completed calculation sheet and certificate, prepared and executed by an authorized official at the incarcerating facility. Plaintiff's

failure to do so within 30 days of this order's entry date will result in the dismissal of his complaint.

    3.    Service is not appropriate at this time.

DATED this 13th day of August, 2012.

                                    /s/Susan Webber Wright

                              UNITED STATES DISTRICT JUDGE